IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Shanda Willette Tate, ) | Case No. 7:18-cv-02005-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Seminique Ingram, Jimmy ) | |
| Papers, Rosetta Dixon, Wendy ) | |
| Goodwin, Teresa Hunter, Pinnacle ) | |
| Living, Harry A. Bird Jr., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Complaint and Amended Complaint alleging violations of her civil rights pursuant to 42 U.S.C. § 1983 and other federal statutes, including the Fair Housing Act. ECF No. 1, 19. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On July 31, 2018, the Magistrate Judge directed Plaintiff provide necessary information to bring this case into proper form. ECF No. 7. Plaintiff partially complied with the Order.

On October 5, 2018, the Magistrate Judge informed Plaintiff that the Complaint was subject to summary dismissal and directed her to file an Amended Complaint correcting the identified deficiencies and the remainder of the requisite service

documents. ECF No. 17. On October 26, 2018, Plaintiff filed an Amended Complaint; however, she again failed to provide any of the necessary service documents. ECF No. 19. On November 2, 2018, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted or, in the alternative, without prejudice pursuant to Federal Rule of Civil Procedure 41 for failure to comply with Court orders. ECF No. 23. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff has filed no objections, and the time to do so has passed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation. Accordingly, the Court adopts the Report by reference in this Order. This action is dismissed with prejudice for failure to state a claim after opportunity for amendment. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *see also Workman v. Morrison Healthcare*, No. 17-7621, 2018 WL 2472069, at *1 (4th Cir. June 4, 2018) (explaining where the district court has already afforded a plaintiff with the opportunity to amend, the district court, in its discretion, can either afford plaintiff an additional opportunity to file an amended complaint or dismiss the complaint with prejudice).

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

December 13, 2018
Spartanburg, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.